# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2119 | **DATE** | 4/21/2004 |
| **CASE TITLE** | United States of America vs. Johnny Jackson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Petition for Habeas Corpus is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 2 2004 | 19 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

  Respondent,

v.

JOHNNY JACKSON,

  Petitioner.

Case No. 03 C 2119

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant Johnny Jackson's (hereinafter "Jackson") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Petition is denied.

## I. INTRODUCTION

Jackson was convicted after a jury trial of conspiracy to distribute narcotics as part of his involvement in the Gangster Disciples street gang. Jackson, a member of the so-called "board of directors" of the gang, was found guilty of narcotics conspiracy in violation of 21 U.S.C. § 846, one count of substantive possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and fifteen counts of using telephones in furtherance of the conspiracy in violation of 21 U.S.C. § 843(b). Jackson was sentenced to a term of imprisonment of 100 years, based on a 20-year term each for the conspiracy count and the substantive possession count, and 4 years each for the telephone counts, all to run consecutively.

The "linchpin" of the government's case against Jackson was wiretap surveillance of conversations involving Jackson and other members of the gang. First, the government, under a court order pursuant to 18 U.S.C. § 2518(3), recorded conversations between several individuals, including Jackson, and Larry Hoover, the "chairman" of the Gangster Disciples, at the Vienna Correctional Center. Second, the government later obtained wiretap authorizations for telephones at Shrimp on the Nine restaurant, the home telephone of Gangster Disciple Cedric Parks, and a cellular telephone used by board member Darryl Johnson.

In March 2003, Jackson filed this petition for post-conviction relief pursuant to 28 U.S.C. § 2255. He argues that his trial attorney was constitutionally ineffective for three reasons:

1) Failure to "mount a vigorous challenge" to the government's placement of "listening bugs" on Jackson's person to record conversations between Jackson and Larry Hoover;

2) Failure to request, at the end of the government's case, the dismissal of counts 14, 19, 20, 22, 23, 25-27, and 29-36 on the specific grounds that the government failed to prove that Jackson aided and abetted another in the commission of those offenses; and

3) Failure during sentencing to challenge vigorously as violative of the language of 21 U.S.C. § 841(b)(1)(C) and due process the District Court's determination that Jackson was responsible for 150 kilograms of cocaine/1.5 kilograms of cocaine base.

Jackson also argues that his appellate counsel was constitutionally ineffective because counsel focused solely on the argument that the

damaging wiretap evidence should have been suppressed. Jackson argues that his appellate counsel should have instead focused on other arguments, as follows:

1) Ineffective assistance of trial counsel for the reasons noted above;

2) Jackson's sentence should have been based on his participating in a conspiracy solely to distribute marijuana rather than cocaine; and

3) The district court's imposition of consecutive sentences on each count of the conviction, rather than concurrent sentences, was disfavored by the sentencing guidelines and based upon the court's erroneous belief that it lacked statutory discretion under 18 U.S.C. § 3584 to impose concurrent sentences.

## II. DISCUSSION

### A. Standards for Habeas Corpus

28 U.S.C. § 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." To receive relief under 28 U.S.C. § 2255, Jackson must show a "fundamental defect which inherently results in a complete miscarriage of justice," *United States v. Addonizio*, 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Here, Jackson alleges ineffective assistance of counsel. As an initial matter, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 687, 689 (1984). The Court will find ineffective assistance of counsel only when a petitioner establishes both elements of the *Strickland* two-prong test. The Petitioner must show that (1) his counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed to the defendant by the Sixth Amendment, and (2) this deficient performance prejudiced his defense such that it deprived him of a fair trial with a reliable result.

## B. Ineffective Assistance of Trial Counsel

### 1. Pre-trial

Jackson first argues that his attorney was ineffective because he should have, but did not, mount a "vigorous challenge" to the government's placement of hidden transmitters on Jackson's person, by way of a prison visitor's badge, in order to intercept conversations between him and Larry Hoover during Jackson's visits to the Vienna Correctional Center. Jackson argues that his counsel should have challenged the use of these conversations because the government's interception of them violated his Fourth Amendment rights, as well as his statutory rights under 18 U.S.C. § 2511(2)(c).

First and foremost, Jackson's trial counsel *did* challenge the wiretap evidence, albeit on somewhat different grounds than those that Jackson asserts now, when he moved to suppress the evidence and

dismiss the indictment prior to trial. Jackson's attorney moved to suppress the wiretap evidence based on the following two grounds: (1) that the government failed to seal the wiretap evidence immediately as required by 18 U.S.C. § 2518(8)(a) and did not offer an objectively reasonable excuse for the delay, and (2) the government failed to establish in its wiretap applications a showing of necessity as required by 18 U.S.C. § 2518(1)(c). This Court denied the motion to suppress, just as with identical motions previously made by Jackson's co-defendants. The denial of Jackson's motion to suppress the wiretap evidence was upheld on appeal by the Seventh Circuit. *United States v. Jackson*, 2001 WL 1092784, at *406 (7th Cir. Sept. 14, 2001). Further, the same wiretap that Jackson now challenges has been repeatedly and unsuccessfully challenged in the appellate courts by several different defendants and attorneys. *See, United States v. (Harold) Jackson*, 207 F.3d 910 (7th Cir. 2000); *United States v. Hoover*, 246 F.3d 1054, 1057 (7th Cir. 2001); *United States v. Wilson*, 237 F.3d 827, 831 (7th Cir. 2001).

Jackson asserts that his counsel should have challenged the wiretapping on both constitutional and statutory grounds different from those presented at trial. Jackson's asserted claim that his attorney should have argued that the wiretapping violated Jackson's Constitutional Fourth Amendment right fails to meet the requirements of the *Strickland* deficient performance prong. In the ordinary case, for the government to satisfy the requirements of the Fourth Amendment, it must show probable cause for the search and/or seizure

- 5 -

and obtain a warrant to conduct that search and/or seizure. U.S. Const. Amend. IV; *see, e.g., California v. Carney*, 471 U.S. 386, 390 (1985). Here, both the probable cause and the warrant requirements were fulfilled because the government acquired a warrant based on probable cause when it "obtained a court order pursuant to 18 U.S.C. § 2518(3) that authorized the wiretap surveillance of conversations at the Vienna Correctional Center between Hoover and visitors who unwittingly wore hidden transmitters inside their visitors' badges." *United States v. Jackson*, 2001 WL 1092784, at *406 (7th Cir. Sept. 14, 2001). 18 U.S.C. § 2518(3) requires the government to follow prescribed procedures to obtain judicial authorization for wiretap surveillance, and the judge will not issue an order authorizing such wiretap surveillance pursuant to this statute unless "there is probable cause for belief that an individual is committing, has committed, or is about to commit" a crime.

Jackson's argument that the wiretapping violated his statutory rights under 18 U.S.C. § 2511(2)(c) also fails. 18 U.S.C. § 2511(2)(c) states that:

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C. § 2511(2)(c)(West 2004)(emphasis added).

Jackson's petition shows that he both misquotes and misunderstands the implication of this portion of the statute.

Simply because consent makes it lawful to intercept a communication does not by analogy mean that it is always unlawful for the government to intercept a communication without consent of the parties involved in the communication. Law enforcement officers are constitutionally permitted to use wiretapping in certain circumstances to intercept conversations of individuals suspected of criminal activity after receiving judicial authorization. *See United States v. Katz*, 389 U.S. 347, 354 (1967). The Supreme Court has stated that "under sufficiently 'precise and discriminate circumstances,' a federal court may empower government agents to employ a concealed electronic device 'for the narrow and particularized purpose of ascertaining the truth of the . . . allegations' of a 'detailed factual affidavit alleging the commission of a specific criminal offense.'" *Id.* (quoting *Osborn v. United States*, 385 U.S. 323, 329-330 (1966)). In this instance, there is no dispute that the conversations between Jackson and Hoover were intercepted following judicial authorization; an authorization that has been affirmed by the Seventh Circuit Court of Appeals. *See, e.g., United States v. (Harold) Jackson*, 207 F.3d 915, (7th Cir. 2000).

Thus, Jackson's argument that his counsel was ineffective for failing to challenge the wiretapping on these grounds does not meet the deficient performance prong of the *Strickland* test.

## 2. Post-trial

Jackson contends that his trial counsel was ineffective because counsel failed to request, at the end of the government's case, the dismissal of counts 14, 19, 20, 22, 23, 25-27, and 29-36 on the specific grounds that the government failed to prove that Jackson "aided and abetted" another in the commission of those offenses. However, Jackson's argument is misplaced because he was convicted of participating in a *conspiracy* to distribute narcotics. As the Seventh Circuit stated in regards to the appeal of several other members of the conspiracy, "every member of a conspiracy is substantively culpable for other conspirators' acts within the scope of the conspiracy." *United States v. Hoover*, 246 F.3d 1054, 1057-58. Such was the holding of *Pinkerton v. United States*, 328 U.S. 640 (1946). As Jackson was a high-ranking Board Member of the Gangster Disciples conspiracy, he is criminally liable for the acts of his co-conspirators in furtherance of the conspiracy identified in these counts, regardless of whether or not he personally committed or directly "aided and abetted" each specific offense. *See id.* As such, Jackson's counsel was not ineffective for his failure to challenge the previously enumerated counts based on the ground that the government failed to prove that Jackson "aided and abetted" those offenses.

## 3. Sentencing

Jackson also argues that his trial counsel was ineffective for failing to challenge the District Court's determination that Jackson

- 8 -

was responsible for 150 kilograms of cocaine/1.5 kilograms of cocaine base. Jackson asserts that such a determination was in violation of the language of 21 U.S.C. § 841(b)(1)(C) and due process. However, Jackson's argument fails because following his conviction, trial counsel did challenge the amount of drugs attributable to Jackson. Furthermore, the Seventh Circuit upheld a district court's determination that the Gangster Disciples drug conspiracy involved at least 150 kilograms of powder cocaine/1.5 kilograms of crack cocaine. *United States v. Smith*, 223 F.3d 554, 568-569 (7th Cir. 2000). The quantity of drugs that Jackson was responsible for was determined by this Court in light of the challenge by his trial counsel, and thus his trial counsel was not ineffective for failing to challenge the drug quantity determination.

As a result of the foregoing analysis, the Court finds that Jackson fails to establish the *Strickland* requirements for ineffective assistance of counsel in regards to his trial counsel.

### C. Ineffective Assistance of Appellate Counsel

Jackson argues that his appellate counsel was constitutionally ineffective because counsel focused solely on the wiretapping issue on appeal while failing to raise other issues that were fit for appellate review. The court notes here that counsel is not constitutionally required to raise every nonfrivilous issue upon appeal; rather effective advocacy often involves raising only those issues that counsel reasonably believes in his professional evaluation to be the key, central issues of a defendant's case. See

*Jones v. Barnes*, 463 U.S. 745, 751-752. Jackson's first argument, that his appellate counsel was ineffective based upon failure to argue that trial counsel provided ineffective assistance must fail because the Court has already determined that Jackson's trial counsel was not ineffective.

### 1. *Sentencing Based Upon a Crack Conspiracy*

Jackson's next argument, that his appellate counsel was ineffective for failing to argue that Jackson should have been sentenced for participating in a conspiracy solely to distribute marijuana, and not cocaine, also lacks merit. Jackson argues that because the jury returned a general verdict of guilt on the count of knowingly and intentionally conspiring to possess with the intent to distribute mixtures containing cocaine and cocaine base, heroin, and marijuana, his sentencing should have only been based upon a marijuana conviction. However, during Jackson's trial, when the Court instructed the jury regarding Count 14, which alleged conspiracy in the distribution of 10 grams of a mixture containing cocaine, it stated that the government must prove beyond a reasonable doubt that the defendant, or persons for whom he was legally responsible, possessed with the intent to distribute a measurable amount of cocaine. The jury returned a verdict of guilty on this count, as well as on other telephone counts concerning cocaine. Accordingly, this Court properly sentenced Jackson based upon a cocaine conspiracy.

Furthermore, in a recent case, the Seventh Circuit stated that when looking at a situation where a conspiracy defendant's drug quantity was not submitted to the jury, the proper focus is on the "amount possessed by the conspiracy." *United States v. Knight*, 342 F.3d 697, 711 (7th Cir. 2003). This was the case in *Knight* because the defendant was convicted of conspiring to distribute drugs, and as a member of the conspiracy each is accountable for the acts of all other conspirators within the scope of the agreement. *Id.* at 711-712. In the same vein, Jackson was convicted as part of a conspiracy that involved at least 150 kilograms of powder cocaine/1.5 kilograms of crack cocaine. *United States v. Smith*, 223 F.3d 554, 568-569 (7th Cir. 2000). For these reasons, it was not improper for the district court to sentence Jackson based upon a cocaine conspiracy, as that is the type of conspiracy he was found guilty of participating in. Thus, his appellate counsel's performance certainly did not rise to the *Strickland* level of ineffective assistance for failing to challenge this on appeal.

### 2. *Consecutive Versus Concurrent Sentencing*

Jackson's final argument is that his appellate counsel was ineffective for failing to challenge the Court's imposition of consecutive, rather than concurrent, sentences. Jackson contends that under 28 U.S.C. § 994, it is generally inappropriate to impose consecutive terms of imprisonment for an offense of conspiring to commit an offense. As a result, the Court should not have relied on U.S.S.G § 5G1.2(d) when imposing Jackson's sentence. Jackson argues

that the Court had the discretion to sentence him to concurrent sentences, and that his appellate counsel should have argued this.

U.S.S.G § 5G1.2(d), which relates to sentencing on multiple counts of a conviction, states that:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

The total punishment is determined by the Court after it reviews the adjusted offense level and the defendant's Criminal History Category. *See* 18 U.S.C. § 5G1.2 Comment 1. In Jackson's case, the Court determined that Jackson's total punishment range was life imprisonment. Because the plain language of 18 U.S.C. § 5G1.2(d) is that the court "must impose consecutive sentences when necessary in order to impose the total punishment prescribed by the applicable guideline range," *United States v. Pollard*, 72 F.3d 66, 69 (7th Cir. 1995), the Court did not err in sentencing Jackson to consecutive sentences for a total of 100 years imprisonment. Thus, Jackson's appellate counsel was not ineffective for failing to challenge the Court's imposition of consecutive sentences.

The foregoing legal arguments that Jackson presents to the Court are without merit. As such, his trial and appellate counsel did not provide ineffective assistance of counsel by failing to present these arguments to the court. Jackson has failed to overcome the presumption that his counsel's conduct "falls within the wide range

of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Jackson has failed to present any evidence that either his trial or appellate counsel was constitutionally deficient. He has also failed to present evidence that their strategies on trial and appeal prejudiced Jackson in any way. Accordingly, Jackson's petition for Habeas Corpus on the basis of ineffective assistance of counsel is denied.

### III. CONCLUSION

For the reasons stated above, Defendant's Petition for Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: April 21, 2004